# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Linda Guo Cai

**DEFENDANTS**
Thundersoft America Corporation; Thunder Software Technology Co., Ltd; Trinet HR III, Inc.; Trinet Group, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Delaware County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

*PRISONER PETITIONS*
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/01/2023

SIGNATURE OF ATTORNEY OF RECORD: */s/ Caren Gurmankin/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Haverford, PA 19041__

Address of Defendant: __900 Lafayette Street #201-9, Santa Clara, CA 95050__

Place of Accident, Incident or Transaction: __900 Lafayette Street #201-9, Santa Clara, CA 95050__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/01/2023__   _(signature)_ Attorney-at-Law / Pro Se Plaintiff   __205900__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
     *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Caren N. Gurmankin__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: __09/01/2023__   _(signature)_ Attorney-at-Law / Pro Se Plaintiff   __205900__ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Linda Guo Cai | : | CIVIL ACTION |
| v. | : | |
| Thundersoft America Corporation, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 9/01/2023 | *Carin Gurmankin* | Plaintiff, Linda Guo Cai |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUO LINDA CAI**<br>Haverford, PA 19041<br><br>    Plaintiff,<br><br>  v.<br><br>**THUNDERSOFT AMERICA CORPORATION**<br>900 Lafayette Street #201-9<br>Santa Clara, CA 95050<br><br>and<br><br>**THUNDER SOFTWARE TECHNOLOGY CO., LTD.**<br>ThunderSoft Building, Building 3<br>No. 9 Oinghua Dong Road<br>Haidian District, Beijing, China 100083<br><br>and<br><br>**TRINET HR III, INC.**<br>One Park Place, Suite 600<br>Dublin, CA 94568<br><br>and<br><br>**TRINET GROUP, INC.**<br>One Park Place, Suite 600<br>Dublin, CA 94568<br><br>    Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Guo Linda Cai, brings this action against her employers, Thundersoft

America Corporation; Thunder Software Technology Co., Ltd.; Trinet HR III, Inc.; and,

Trinet Group, Inc. (together "Defendants"). Defendants have discriminated against Plaintiff based on her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

## II.     PARTIES

1.     Plaintiff, Guo Linda Cai, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.     Plaintiff is female.

3.     Defendant, Thundersoft America Corporation, is a Delaware corporation with a principal place of business at 900 Lafayette Street, #201-9, Santa Clara, CA 95050.

4.     Defendant, Thunder Software Technology Co., Ltd., is a corporation with a principal place of business at ThunderSoft Building, Building 3, No. 9 Oinghua Dong Road, Haidian District, Beijing, China 100083.

5.     Defendant, Trinet Group, Inc., is a Delaware corporation with a principal place of business at One Park Place, Suite 600, Dublin, CA 94568.

6.     Defendant Trinet HR III, Inc. is a Delaware corporation with a principal place of business at One Park Place, Suite 600, Dublin, CA 94568.

7.     Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.     At all times material hereto, Plaintiff was paid by Defendant Thundersoft America Corporation.

9.     At all times material hereto, Plaintiff was paid through Defendants Trinet

HR III, Inc. and Trinet Group, Inc.

10. Since in or around July 2021, Plaintiff worked out of her home in Pennsylvania. From around July 2021 through around September 2021, she worked out of her home in King of Prussia, PA. From around September 2021, she has worked out of her home in Haverford, PA 19041.

11. At all times material hereto, Defendants employed more than fifteen (15) employees.

12. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

13. At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

14. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.     JURISDICTION AND VENUE

15. The causes of action which form the basis of this matter arise under Title VII, and the PHRA.

16. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

17. The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of

Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

18. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

19. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

20. On or about June 23, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein. This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

21. On or about June 6, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

22. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.    FACTUAL ALLEGATIONS**

23. Plaintiff started working at Defendants on or about March 28, 2016. She was hired into the position of Senior Director.

24. Plaintiff has consistently demonstrated excellent performance throughout her employment with Defendants. By way of example only, Plaintiff was promoted twice during her employment, including into the position of Vice President, Sales in or

about May 2019.  In or around March 2021, the team of which Plaintiff was a part was awarded one of Defendants' "President's Special Awards."

25. Since 2018, Plaintiff has reported directly to Michael Yuan (male), Senior Vice President and General Manager.  Yuan reports directly to Zengqiang Larry Geng (male), Executive Vice President.  Geng reports to Hongfei Zhao (male), Chief Executive Officer.

26. Throughout Plaintiff's employment, and including that which is set forth herein, Defendants discriminated against her based on her sex.

27. During Plaintiff's employment, Defendants' demographics evidence a bias against females.  Evidence of the same includes, but is not limited to, the following:

    (a) Plaintiff was the only female in the sales group reporting to Yuan;

    (b) Plaintiff was the highest-level female who reported to Yuan;

    (c) Plaintiff was the only female Vice President, Sales.

28. On or about May 5, 2022, Yuan told Plaintiff Defendants were demoting her, and that her compensation would be reduced by forty (40%) percent.

29. Yuan told Plaintiff that the reduction to her compensation would be retroactive to May 1, 2022.

30. Yuan told Plaintiff that the reason for the reduction in her compensation was due to the fact that Defendants were dealing with some salary/wage pressure and they were looking for ways to reduce costs.

31. When Plaintiff asked if any of her colleagues who also reported directly to Yuan were also impacted, Yuan did not respond.

32. Yuan subsequently followed up with Plaintiff and told her that her work

5

hours had been reduced by forty (40%) percent.

33. Plaintiff's work hours, level of work, volume of work, duties, and responsibilities remained substantively the same following Defendants' reduction of her compensation.

34. When Plaintiff asked about the basis for the decision to reduce her compensation, Defendants did not respond.

35. When Plaintiff asked whether her male counterparts were also being subjected to a reduction in their compensation, Defendants did not respond.

36. A few months prior to Defendants informing Plaintiff that her compensation was being reduced, they hired two (2) males into Vice President positions reporting to Yuan.

37. Shortly after Defendants informed Plaintiff that her compensation was being reduced, they hired a male into the position of Senior Director, Sales reporting to Yuan.

38. Defendants have not given Plaintiff a reason as to why they reduced her compensation.

39. Plaintiff filed her Charge of Discrimination with the EEOC on or about June 23, 2022.

40. To date, no one at Defendants has informed Plaintiff of any corrective and/or remedial actions that they have taken regarding her complaints of sex discrimination.

41. Since Plaintiff filed her Charge of Discrimination with the EEOC, Defendants have responded to questions that she has asked regarding her compensation

and benefits by telling her that her questions will be resolved by the attorneys for both sides, and that they need to wait for the "legal system to run its course."

42. Plaintiff's sex was and is a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including compensating her less than male employees; and, demoting Plaintiff by reducing her compensation.

43. As a direct and proximate result of the sex discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

44. Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## **COUNT I - Title VII**

45. Plaintiff incorporates herein by reference paragraphs 1 through 44 above, as if set forth herein in their entirety.

46. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

47. Said violations were done with malice and/or reckless indifference.

48. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless

and until this Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

## **COUNT II – PHRA**

51. Plaintiff incorporates herein by reference paragraphs 1 through 50 above, as if set forth herein in their entirety.

52. Defendants, by the above improper and discriminatory acts, has violated the PHRA.

53. Said violations were intentional and willful.

54. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g) awarding punitive damages to Plaintiff under Title VII;

(h) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: September 1, 2023    BY: _____
Caren N. Gurmankin (205900)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Guo Linda Cai

9

# Exhibit "1"

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>◯ FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Guo Linda Cai | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Haverford, PA 19041 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Thundersoft America Corporation;**<br>**Thunder Software Technology Co., Ltd.;**<br>**TriNet HR III, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE (Include Area Code)<br>(630) 861-8188 |
|---|---|---|
| STREET ADDRESS<br>1601 McCarthy Blvd, Suite R-12 | CITY, STATE AND ZIP<br>Milpitas, CA 95035 | COUNTY<br>Santa Clara |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>◯ Race  ◯ Color  **X** Sex  ◯ Religion  ◯ National Origin<br>◯ Retaliation  ◯ Age  ◯ Disability  ◯ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*         *Latest*  06/21/2022 |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondents on or about March 28, 2016. I am a current employee of Respondents. I hold the **position of** Vice President, Sales. I report to Michael Yuan (male), Senior Vice President and General Manager. Yuan reports to Larry Zengqiang Geng (male), Executive President. Geng reports to Hongfei Zhao (male), Chief Executive Officer. I work out of my home office in Pennsylvania.

Respondents demoted me because of my sex. I am the only female employee reporting to Yuan and the only employee reporting to Yuan whose compensation was reduced. None of the male employees reporting to Yuan had their compensation reduced.

I consistently demonstrate positive performance and dedication to Respondents. I perform my duties in a highly-competent manner and receive positive feedback.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:  06/22/2022  Charging Party *(Signature)*: [signature] | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

EEOC Charge of Discrimination
Initials of Charging Party – G.L.

2. Harm Summary

I have been discriminated against because of my sex (female). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) Respondents have an underrepresentation of female employees, especially in high-level positions.

(b) In or about 2018, I began reporting to Yuan.

(c) I am the only female employee reporting to Yuan.

(d) In addition to me, the following employees report to Yuan. I am more qualified to perform these employees' positions.

  i) Weiqin Bai (male), Vice President, Sales;
  ii) Ali Mesri (male), Vice President, Sales;
  iii) James Cho (male), Vice President, Sales;
  iv) Satish Rathnam (male), Vice President, Sales;
  v) Paul Peng (male), Senior Director, Sales;
  vi) William Wong (male), Senior Director, Sales.

(e) On February 15, 2021, I received a positive performance review rating.

(f) In September 2021, Respondents hired Peng (male).

(g) In January 2022, Respondents hired Cho (male).

(h) In January 2022, Respondents hired Rathnam (male).

(i) On February 1, 2022, I received a positive performance review rating.

(j) I exceeded my business revenues.

(k) On May 5, 2022, in a virtual meeting with Yuan, while I was on vacation, Respondents demoted me. I was told that my compensation would be reduced by forty percent (40%), retroactive to May 1, 2022. The stated reason was salary and cost constraints. I asked if any of my coworkers were impacted. Yuan refused to answer my question.

(l) On May 8, 2022, in an email to Yuan, I stated the following: "Regarding our conversation on May 5th, I was shocked by the management's unilateral decision to transfer me to 60% part time. This is unexpected and very disappointing. I was told I still have the same scope of responsibility and deliverables. I will need to continue devoting 100% of my efforts going forward. This is essentially a 40% pay cut and completely unacceptable. I find it's hard to understand the rationale of the decision and would like some clarifications. I have worked for Thundersoft as a full time employee since 2016. During my career at Thundersoft, I have met or exceeded my business target in each year and have been constantly rated strong performer ("excellent" or "good" in all categories) during every performance review, As a matter of fact, the company recognized my high level of performance by promoting me to VP in 2019. I was also verbally praised by our founder and CEO, Mr. Zhao, at our semi-annual management business review meeting, for my superb performance. During the past two years, I worked extra hard to enhance our business relationship with key customers and further expand our business despite the COVID pandemic, as reflected by the strong business performance of the accounts under my

Case 2:23-cv-03432-PD   Document 1   Filed 09/01/23   Page 16 of 20

EEOC Charge of Discrimination
Initials of Charging Party – G.C.

    management. The only reason you mentioned about this change is that Thudersoft is facing some wage pressure and looking for ways to reduce cost. If that's the case, I request to know the scope of this change. Are other employees being asked to do the same? Specifically, are my male counterparts in U.S. also being asked to take a 40% pay cut and still deliver the same business goal? You mentioned that the decision will take effect starting May 1st, which is before you even contacted me but I still haven't received any written notification yet. As you are aware, I am out of office on vacation with my family this week. I will be back May 16th. Very much appreciate your help to resolve this issue."

(m) On May 9, 2022, in an email from Yuan, he stated the following: "Both of your pay and work hours have been reduced by 40%, so effectively your hourly compensation has not been changed. We can discuss your goals and commission structure in more detail after you get back to the States."

(n) Despite Yuan's above statements, my compensation has been reduced by forty percent (40%), and my hours and level of work, duties, and responsibilities have remained the same.

(o) On May 10, 2022, in an email to Yuan, I stated the following: "It's still not clear to me how the decision was made. You said the decision was made by headquarter, who made the decision? What was the basis for the decision? Why 60%? Why now? Also you have not answered my questions in my orginal [sic] email: The only reason you mentioned about this change is that Thudersoft is facing some wage pressure and looking for ways to reduce cost. If that's the case, I request to know the scope of this change. Are other employees being asked to do the same? Specifically, are my male counterparts in U.S. also being asked to take a 40% pay cut and still deliver the same business goal? I'm happy to discuss with you when I get back from my vacation. To make our discussion more productive, could you please provide some details in writing before our talk."

(p) I received no response to my above email.

(q) On May 18, 2022, Respondents hired Wong (male).

(r) On May 24, 2022, in an email to Yuan, I stated the following: "I am still waiting for your written response. I'm back from vacation, resumed work from May 16th. You have not discussed my working scope, goals, and commission structure with me. For last week I have a lot of work to do, I've put full time hours last week and expect the same this week. This is unfair with the 40% reduced pay."

(s) On May 25, 2022, in an email from Yuan, he stated the following: "Please list the activities you are working on. Let's review them together and we can move them to others. In the meantime, I can take over all automotive related activities."

(t) On May 26, 2022, in an email to Yuan, I stated the following: "Could you please get back to me on my original questions, repeated below for your convenience: It's still not clear to me how the decision was made. You said the decision was made by headquarter, who made the decision? What was the basis for the decision? Why 60%? Why now? The only reason you mentioned about this change is that Thundersoft is facing some wage pressure and looking for ways to reduce cost. If that's the case, I request to know the scope of this change. Are other employees being asked to do the same? Specifically, are my male counterparts in U.S. also being asked to take a 40% pay cut and still deliver the same business goal?"

(u) I received no response to my above email.

3

Case 2:23-cv-03432-PD   Document 1   Filed 09/01/23   Page 17 of 20

EEOC Charge of Discrimination
Initials of Charging Party – G.C.

(v) Respondents failed to provide any explanation, including the criteria, as to why I was demoted with my compensation reduced and male employees were not.

(w) I was the only employee reporting to Yuan who was demoted.

(x) None of the other employees reporting to Yuan—all of whom were male—were demoted.

(y) None of the other employees reporting to Yuan—all of whom were male—had their compensation reduced.

(z) Respondents demoted me because of my sex.

(aa) Respondents reduced my compensation because of my sex.

(bb) I continue to work the same number of hours and with same responsibilities but am compensated at sixty percent (60%) of what I had been compensated.

(cc) Respondents compensate less qualified male employees more than I am compensated.

(dd) Respondents indicated that certain of my job duties and responsibilities would be removed and given to male employees.

(ee) I was more qualified than the male employees who were not demoted and did not have their compensation reduced.

(ff) I have had no disciplinary or performance issues throughout my employment with Respondents.

(gg) Respondents demonstrate a preference for, and favor, male employees.

(hh) Respondents' conduct and comments evidence a bias against female employees.

(ii) Respondents' sex discrimination against me has caused me emotional distress.

(jj) Respondents did not target or treat in the same way similarly-situated male employees.

B.   1.   Respondents' Stated Reasons

(a) Respondents' stated reason for failing to promote me, salary and cost constraints, is pretext for sex discrimination.

(b) Respondents have provided no explanation for compensating me less than male employees are compensated.

C.   1.   Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the California Fair Employment and Housing Act ("FEHA"), as amended, Government Code § 12900, *et seq.*, as set forth herein.

4

**EEOC Charge of Discrimination**
**Initials of Charging Party –** G.C.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Guo Linda Cai v. Thundersoft America Corporation;
Thunder Software Technology Co., Ltd.; TriNet HR III, Inc.**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____  06/22/2022
    Signature and Date

____ I do not want my charge dual filed with PHRC

_____
Signature and Date

5

# Exhibit "2"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/06/2023

**To:** Guo Linda Cai
Haverford, PA 19041
Charge No: 530-2022-05199

EEOC Representative and phone:

Legal Unit Representative
267-589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
06/06/2023

Karen McDonough
Deputy District Director