IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUO LINDA CAI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:23-cv-3432-PSD |
| | : | |
| THUNDERSOFT AMERICA CORPORATION; THUNDER SOFTWARE TECHNOLOGY CO., LTD; TRINET HR III, INC.; TRINET GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THUNDERSOFT AMERICA CORPORATION, TRINET HR III, INC., AND TRINET GROUP, INC.'S <u>MOTION TO DISMISS AND COMPEL ARBITRATION</u>**

**I.    INTRODUCTION**

On September 1, 2023, Plaintiff Gou Linda Cai ("Plaintiff") filed a Complaint against Thundersoft America Corporation ("Thundersoft America"), Thunder Software Technology Co., LTD ("Thunder Software"), as well as TriNet HR III, Inc. and TriNet Group Inc. ("TriNet") (collectively "Defendants"). Plaintiff, a current employee of Thundersoft America, alleges that she has been subjected to discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). (ECF No. 1).

Plaintiff filed her action in the wrong venue. Plaintiff entered into a binding agreement that requires Plaintiff to arbitrate her claims against TriNet and Thundersoft America ("Moving Defendants"), rather than litigate these claims in court. Prior to filing the instant Motion, Defendants TriNet and Thundersoft America, requested, through counsel, that Plaintiff

1

voluntarily agree to submit her claims to arbitration in accordance with the Dispute Resolution Procedure contained in the Terms and Conditions Agreement that Plaintiff agreed to be bound by.  However, without any explanation, Plaintiff stated, through her counsel, that she will not agree to arbitration.  There is no good faith basis for Plaintiff's refusal to abide by the enforceable agreement to arbitrate her claims, and this refusal has forced Moving Defendants to resort to Court intervention by filing the instant Motion.

As explained herein, the Terms and Conditions Agreement is valid, and Plaintiff's claims asserted in this action fall entirely within its scope.  Accordingly, Plaintiff's must be compelled to arbitrate her claims against Moving Defendants.

## II.   FACTS

On approximately March 28, 2016, Plaintiff began her employment with Thundersoft America.  In approximately 2018, Thundersoft America became a customer of TriNet.  TriNet is a licensed Professional Employer Organization.  *See* Declaration of Chad Thompson, attached hereto as Exhibit A.  Licensed Professional Employer Organizations ("PEO") fulfill general administrative needs for their clients, including payroll processing and providing access to certain personnel information, documents, and notices for their client's worksite employees (employees of the PEO's customers).  *Id* at ¶ 3.

On approximately June 1, 2018, Plaintiff was presented with TriNet's Terms and Conditions Agreement ("TCA") which contains a Dispute Resolution Protocol ("DRP").  *Id* at ¶¶ 3 and 14-15; *see also* Terms and Conditions Agreement, attached hereto as Exhibit B. Throughout the TCA and DRP, Thundersoft America is referred to as a TriNet "co-employer," "customer," or as the "worksite employer."  *Id*. at ¶ 6; s*ee also* Exhibit B.  The TCA also clearly states that Thundersoft America is an intended beneficiary of the DRP; s*ee* Exhibit B.  On

2

June 1, 2018, Plaintiff accepted the TCA, which included the DRP, by electronic acceptance through her online portal account using her unique Username and Password. Exhibit A at ¶¶ 14-18; *see also* Screenshot of Plaintiff's online portal, attached hereto as Exhibit C; *see also* TCA acknowledgement email, attached hereto as Exhibit D. Therefore, there is no dispute that Plaintiff agreed to be bound by the DRP within the TCA. The DRP requires that any disputes between Plaintiff, TriNet, and Thundersoft America be resolved through arbitration. This agreement to arbitrate includes any claims, among others, arising out of or relating to Plaintiff's employment or co-employment. *See* Exhibit B. Plaintiff accepted the DRP and therefore agreed to arbitrate all disputes arising out of her employment. Specifically, the DRP agreed to by Plaintiff, provides, in pertinent part:

> Subject to the limitations in subsection (b), this DRP covers any dispute arising out of or relating to your co-employment with TriNet, including your TriNet co-employer, and/or arising out of or relating to your employment with your company, as well as any dispute with an employee, officer, or director of TriNet or of a TriNet customer (all of whom, in addition to TriNet customers, are intended to be beneficiaries of this DRP) ("covered dispute"). The Federal Arbitration Act applies to this DRP. Also, any applicable internal procedures for resolving disputes (e.g., procedures in the employee handbook for complaining about, and addressing complaints about, misconduct), as well as the option of mediation, will continue to apply with the goal being to resolve disputes before they are arbitrated. This DRP will survive termination of the employment relationship. **With only the exceptions described below, arbitration will replace going before a court for a judge or jury trial, and even in the situations described below, NO JURY TRIAL WILL BE PERMITTED, unless applicable law does not allow enforcement of a pre-dispute jury trial waiver in the particular circumstances presented.**
>
> ***
>
> Subject to the exceptions provided herein, this DRP is the full and complete agreement for resolution of covered disputes between you and TriNet (and its employees, officers, and agents) and between you and your company (and its employees, officers, and agents). If any portion of this DRP is determined to be unenforceable, the remainder of this DRP will still be enforceable, subject to the specific exception in section (d), above.

*See* Exhibit B.

In addition, the TCA contains an acknowledgment, which states:

> By acknowledging below, I confirm that I have read and understand the contents of this TCA (including, but not limited to, the DRP), that I have the responsibility to read and familiarize myself with the employee handbook and additional policies for my company and that I agree to abide by the terms and conditions set forth above in this TCA, including but not limited to the DRP, as well as the policies and procedures set forth in the employee handbook and additional policies.

*See Id.*

Plaintiff's Complaint alleges that TriNet and Thundersoft America subjected Plaintiff to discrimination on the basis of Plaintiff's sex during her employment. *See generally* Complaint, ECF No. 1. After Plaintiff filed her Complaint, counsel for Moving Defendants provided Plaintiff's counsel with the TCA and DRP, along with supporting documentation showing Plaintiff's agreement to same. In accordance with the DRP to which Plaintiff agreed, counsel for Moving Defendants requested that Plaintiff refile her claims in arbitration. Plaintiff, through her counsel, has refused to arbitrate her claims in direct contravention of the DRP. In doing so, Plaintiff, through her counsel, has stated that Plaintiff is unwilling to agree to arbitration, however, Plaintiff's counsel has failed to provide any basis for Plaintiff's unwillingness to do what Plaintiff agreed to under the DRP.

### III. <u>STANDARD OF REVIEW</u>

The Third Circuit Court of Appeals has stated that its decisions "support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004). "When it appears from the face of a complaint, and documents relied upon in the complaint, that certain of its claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's

delay." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). "If a party to a binding arbitration agreement is sued in a federal court on a claim that the plaintiff has agreed to arbitrate, it is entitled under the FAA to a stay of the court proceeding pending arbitration, Section 3, and to an order compelling arbitration, Section 4. If all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it." *Seus v. Nuveen*, 146 F.3d 175, 179 (3d Cir. 1998). Indeed, the Federal Arbitration Act ("FAA") "reflects a strong federal policy in favor of the resolution of disputes through arbitration." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)).

In ruling on a Rule 12(b)(6) motion, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As Judge McHugh stated in *Hewitt v. Rose Grp.*, No. 15-5992, 2016 WL 2893350, at *2 (E.D. Pa. Mar. 21, 2016), "[i]t would frustrate the purposes of the Federal Arbitration Act if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints." *Hewitt*, 2016 WL 2893350, at *2 n.1. Judge Kearney has similarly noted: "We are not compelled to apply a summary judgment standard because [a plaintiff] failed to mention the Arbitration Agreement in her complaint. Indeed, we cannot envision a plaintiff choosing to file a complaint in federal court will affirmatively plead the existence of an arbitration provision." *See Asberry-Jones v. Wells Fargo Bank, Nat'l Ass'n*, No. 19-83, 2019 WL 2077731, at *3 (E.D. Pa. May 10,

2019).  Time-consuming and expensive discovery should not be required in order for the parties to proceed in their agreed upon forum.

Here, it is clear from the allegations in the Complaint – alleged sex discrimination that Plaintiff claims she was subjected to by Moving Defendants – that the claims involved are arbitrable.  Likewise, the TCA, which contains the DRP, sets forth the basis of Plaintiff's relationship with TriNet, as well as her continued relationship with Thundersoft America.  Accordingly, the aforementioned standard of review applies.

## IV. LEGAL ARGUMENT

Upon being presented with a motion to compel arbitration, a court must first determine whether the FAA applies to the Arbitration Agreement.  *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).  Second, the court must determine if the plaintiff's claims are arbitrable.  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  In this case, the FAA applies to the Arbitration Agreement and Plaintiff's claims are arbitrable.  Thus, Moving Defendants respectfully request that this Court grant their Motion and compel arbitration.

### A. Plaintiff and Moving Defendants Entered into a Valid Agreement.

Pursuant to Section 2 of the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "To determine whether the parties have agreed to arbitrate, [courts] apply 'ordinary state-law principles that govern the formation of contracts.'" *Century Indem. Co.*, 584 F.3d at 524 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  Nevertheless, "[t]he 'federal policy favoring arbitration . . . is taken into

consideration even in applying ordinary state law.'" *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (internal citation omitted).

Under Pennsylvania law, to determine the enforceability of an agreement, a Court will consider whether: (1) both parties manifested an intention to be bound by the agreement; (2) the terms of the agreement are sufficiently definite to be enforced; and (3) there was consideration. *See Atacs Corp. v. Trans World Communs., Inc.*, 155 F.3d 659, 666-67 (3d Cir. 1998); *Evans v. Atria Assisted Living*, No. 01-1192, 2001 WL 34355643, at *2 (E.D. Pa. 2001). Arbitration agreements in the employment context are valid and enforceable even when imposed as a mandatory condition of employment. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).

Here, Plaintiff and Moving Defendants manifested their intent to be bound by the Arbitration Agreement, and Plaintiff was further advised to familiarize and understand its terms. Specifically, the TCA states on the first page:

> PLEASE READ THIS TCA CAREFULLY. IT CONTAINS IMPORTANT INFORMATION REGARDING YOUR USE OF THE TRINET PLATFORM AND ONLINE SERVICES, YOUR RELATIONSHIP WITH TRINET, AND THE HANDLING OF ANY DISPUTES ARISING OUT OF YOUR RELATIONSHIP WITH TRINET, YOUR COMPANY, AND RELATED MATTERS.

*See* Exhibit B.

Most importantly, Plaintiff's acceptance of the TCA confirmed she had the opportunity to review the DRP and that she understood it. Specifically, the TCA acknowledgement language that Plaintiff agreed to states:

> By acknowledging below, I confirm that I have read and understand the contents of this TCA (including, but not limited to, the DRP), that I have the responsibility to read and familiarize myself with the employee handbook and additional policies for my company and that I agree to abide by the terms and conditions set forth above in this TCA, including but not limited to the DRP, as well as the policies and procedures set forth in the employee handbook and additional policies.

*See Id.*

Likewise, the agreement to arbitrate is sufficiently definite to be enforced. Indeed, the DRP clearly outlines the agreement to arbitrate all disputes arising out of or related to Plaintiff's employment and co-employment relationships with Moving Defendants. *See Id.*

Finally, there is sufficient consideration. In fact, there are at least two forms of consideration, each of which is recognized as independently sufficient in Pennsylvania. Under Pennsylvania law, continued employment after receiving notice of an arbitration policy is sufficient consideration for an arbitration agreement. *Bracy v. Macy's Retail Holdings, Inc.,* No. CV 19-3825, 2020 WL 1953647, at *7 (E.D. Pa. Apr. 23, 2020). Here, Plaintiff was presented with the TCA that included the agreement to arbitrate at the commencement of her co-employment relationship with TriNet, and while she continued to be employed with Thundersoft America. There is no dispute that Plaintiff's employment and co-employment relationships have continued since her agreement to the TCA. This is adequate consideration to support the agreement to arbitrate. Second, the DRP recites the mutual exchange to give up the right to jury trial and arbitrate instead. As outlined in the DRP, the agreement to arbitrate is intended to apply to all claims between Plaintiff and Moving Defendants, and states:

> **With only the exceptions described below, arbitration will replace going before a court for a judge or jury trial, and even in the situations described below, NO JURY TRIAL WILL BE PERMITTED, unless applicable law does not allow enforcement of a pre-dispute jury trial waiver in the particular circumstances presented.**

*See* Exhibit B. The Third Circuit has held that an arbitration agreement in the employment context is supported by adequate consideration when, like here, the parties to the contract agree to be legally bound by it. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 603- 04 (3d Cir. 2002).

Plaintiff's agreement to arbitrate cannot be disputed. Thus, the DRP is governed by the FAA and is enforceable.

B. **Plaintiff's Claims Fall Within the Scope of the DRP.**

Once the court finds there is a valid arbitration agreement, "regardless of whether the action is in a federal or a state court the determination of whether a particular dispute is within the class of those dispute governed by the arbitration clause is a matter of federal law." *Century Indem.*, 584 F.3d at 524.  Under federal law, "[i]n determining whether the particular dispute falls within a valid arbitration agreement's scope, there is a presumption of arbitrability:  an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers that asserted dispute." *Id.*  In other words, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986) (holding that doubts about the scope of an arbitration agreement "should be resolved in favor of coverage.").  "Arbitration clauses that govern any disputes 'arising out of or relating to' the parties' agreement or an employee's employment are also considered broad in scope." *Zeller-Landau v. Sterne Agee CRT, LLC*, Civil Action No. 17-3962, at *7 (E.D. Pa. January 9, 2018).

Here, Plaintiff asserts claims against Moving Defendant of alleged discrimination under Title VII and the PHRA.  As stated in the DRP:

> Subject to the limitations in subsection (b), this DRP covers any dispute arising out of or relating to your co-employment with TriNet, including your TriNet co-employer, and/or arising out of or relating to your employment with your company, as well as any dispute with an employee, officer, or director of TriNet or of a TriNet customer (all of whom, in addition to TriNet customers, are

9

intended to be beneficiaries of this DRP) ("covered dispute"). The Federal Arbitration Act applies to this DRP.

*See* Exhibit B.

Plaintiff's claims under the Title VII and and the PHRA fall directly within the scope of the DRP since the allegations arise out of Plaintiff's employment and co-employment relationships with Moving Defendants. *See generally* Complaint, ECF No. 1. Because Plaintiff's claims are squarely within the scope of the Arbitration Agreement, Plaintiff is obligated to pursue those claims in arbitration. Accordingly, the Court should compel Plaintiff to arbitrate her claims against Moving Defendant.

## V. CONCLUSION

Plaintiff's agreement to arbitrate is subject to the FAA, all of Plaintiff's claims are arbitrable, and Plaintiff has refused to arbitrate this matter without offering any explanation as to why. For the foregoing reasons, Moving Defendants respectfully requests that this Court enter an order to compel Plaintiff to arbitrate her claims against Moving Defendants and dismiss this case. Alternatively, Moving Defendants respectfully requests that this Court stay the instant action, pending the conclusion of the arbitration proceedings between Plaintiff and Moving Defendants.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

*/s/ Julia W. Clark*_____
Julia W. Clark, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
(610) 230-6119 (phone)
jclark@fisherphillips.com

*Counsel for Thundersoft America Corporation, TriNet HR III, Inc. and TriNet Group Inc.*

November 24, 2023