IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUO LINDA CAI, : | |
|       Plaintiff, : | |
| : | |
| v. : | Civ. No. 23-cv-3432 |
| : | |
| THUNDERSOFT AMERICA : | |
| CORP. et. al., : | |
|       Defendants. : | |

**O R D E R**

Plaintiff Guo Linda Cai brings this employment discrimination action against Defendants Thundersoft America Corporation, TriNet HR III, Inc., Thunder Software Technology Co., Ltd., and TriNet Group, Inc.  (Doc. Nos. 1, 11.)  After I allowed limited discovery on the issue of arbitration, Defendants renewed their Motion to Compel Arbitration.  The matter is fully briefed.  (Doc. Nos. 19, 20.)

**I.    FACTUAL ALLEGATIONS**

On March 28, 2016, Cai began her employment with Thundersoft America.  (Doc. No. 11 ¶ 25.)  In May 2018, Thundersoft America became a customer of TriNet—a "Licensed Professional Employer Organization . . . [that] fulfills general administrative needs for its customers."  (Doc. No. 19-2 at 2; Doc. No. 19-5.)  On June 1, 2018 TriNet began to provide payroll services for Thundersoft.  (Doc. No. 19-5.)  As part of its services, TriNet sent Cai a Terms and Conditions Agreement which contained a Dispute Resolution Protocol.  (Doc. No. 19-3 at 3.)

The Agreement does not mention "Thundersoft" by name and Thundersoft did not sign it. Instead, the Agreement refers to "[Cai's] worksite employer" or "[Cai's] company."  (Agreement 000043.)  It states, "your relationship with TriNet is beginning because the company you work for

1

. . . is a TriNet customer." (Id.) It also explains that TriNet and the company that she works for are "co-employers." (Id.) The only company that Cai worked for at this time was Thundersoft America.

The DRP within the Agreement states in pertinent part:

> [T]his DRP covers any dispute arising out of or relating to your co-employment with TriNet, including your Tri-Net co-employer, and/or arising out of or relating to your employment with your company, as well as any dispute with any employee, officer, or director of TriNet or a TriNet customer (all of whom, in addition to TriNet customers, are intended to be beneficiaries of this DRP) . . . The Federal Arbitration Act applies to this DRP . . . **[A]rbitration will replace going before a court for a judge or jury trial, and even in situations described below, NO JURY TRIAL WILL BE PERMITTED.**

(Agreement 000047 (emphasis in original).) On June 1, 2018, Cai accessed the Agreement using her Thundersoft email and accepted the DRP and all other terms. (Doc. Nos. 19-7, 19-9.)

## II.    LEGAL STANDARD

"Arbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir. 2001) (citations omitted). In deciding whether to compel arbitration, I must conduct a "two-step inquiry into (1) whether a valid agreement to arbitrate exists, and (2) whether the particular dispute falls within the scope of the agreement." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005).

In determining whether to permit a non-signatory third party to compel arbitration against a signatory, I must consider whether traditional principles of contract, agency, or estoppel require arbitration. See DuPont, 269 F.3d at 195; Invista S.A.R.L. v. Rhodia, S.A., 625 F.3d 75, 85 (3d Cir. 2010); Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1295 (3d Cir. 1996). The usual

2

presumption in favor of arbitration does not extend to non-signatories. Griswold v. Coventry First LLC, 762 F.3d 264, 271 (3d Cir. 2014). Non-signatories can, however, enforce arbitration agreements when "they are third party beneficiaries of the underlying contract." White v. Sunoco Inc., 189 F. Supp.3d 486, 493 (E.D. Pa. 2016) (citing E.I. DuPont de Nemours and Co., 269 F.3d at 195.

Because the Parties have taken discovery respecting the enforceability of the underlying Agreement and DRP, I will review Defendants' renewed Motion to Compel Arbitration under a summary judgment standard. Guidotti, 716 F.3d at 776; Fed. R. Civ. P. 56.

### III. APPLICABLE LAW

I must grant Defendants' Motion in full if "traditional principles of state law allow a contract to be enforced by or against nonparties to the contract." Griswold v. Coventry First LLC, 762 F.3d 264, 271 (3d Cir. 2014). I must thus determine which state's laws apply. See White, 189 F. Supp.3d at 491. The Agreement does not have a choice-of-law provision, but both Parties presume the application of Pennsylvania law. (See generally Doc. Nos. 19, 20.) Where the parties agree on the substantive state law that applies, I may assume, without deciding, that the agreed upon law applies. See USA Mach. Corp. v. CSC, Ltd., 184 F.3d 257, 263 (3d Cir. 1999) ("Because the parties appear to be in agreement on [the choice-of-law] issue, we will assume, without deciding, that Pennsylvania law supplies the appropriate substantive rules.").

### IV. DISCUSSION

Defendants base their Motion on the Agreement and DRP signed by Cai and TriNet, requiring arbitration of all disputes arising from or relating to Cai's co-employment. (Doc. No. 19.) Cai responds that the Agreement does not apply to her claims against Thundersoft because

"[t]he name 'Thundersoft' is not found anywhere in the Trinet TCA" and DRP that she signed. (Doc. No. 20 at 10.)  Cai also disputes the Agreement's universal applicability, urging that her instant claims fall outside the scope of the Agreement.  (Id. at 14.)

### A. Thundersoft May Compel Arbitration

Thundersoft is a third party beneficiary of the Agreement and its DRP.  Under Pennsylvania law, "a third party beneficiary [has] standing to recover on a contract [if] both contracting parties [] have expressed an intention that the third-party be a beneficiary, and that intention [] affirmatively appeared in the contract itself."  Scarpitti v. Weborg, 609 A.2d 147, 149 (Pa. 1992); see also Ellin v. Empire Today, LLC, No. 11-2313, 2011 WL 3792754, at *4 (E.D. Pa. Aug. 24, 2011) (applying Scarpitti to Motion to Compel Arbitration).

Here, Thundersoft hired TriNet to handle administrative and payroll needs.  (Doc. No. 19; see also Doc. No. 19-5 (customer agreement between Thundersoft and Trinet).)  Cai was clearly informed by the Agreement that her employer (Thundersoft) was a co-employer with and customer of TriNet.  (Agreement at 000043.)  The Agreement explicitly provides that "[Cai's] company . . . [is] intended to be [a] benefciar[y] of [the] DRP."  (Id. at 000047.)

Although Thundersoft is not a signatory to the Agreement and is not referred to by name, Cai has not and cannot dispute Defendants' contention that the "company" mentioned in the Agreement is Thundersoft.  Moreover, she has failed to allege what entity, other than Thundersoft is meant in the DRP provision covering "any dispute" arising from Cai's "co-employment with TriNet, *including [her] TriNet co-employer, and or/arising out of or relating to [her] employment with [her] company.*"  (Agreement at 000047 (emphasis added).)  Indeed, that she accessed and

accepted the Agreement using her Thundersoft email further confirms that the company mentioned in the Agreement was Thundersoft. (Doc. No. 19-4 at 6 ¶ 15; Doc. No 19-7.)

Because the Agreement refers to Thundersoft (albeit not by name), confers a benefit on Thundersoft, and Cai and TriNet "expressed an intention that [Thundersoft] be a beneficiary," Thundersoft may compel arbitration as a non-signatory third party beneficiary. See Orn v. Alltran Fin., LP, No. 18-599, 2018 WL 6173096, at *2 (M.D. Pa. Nov. 26, 2018) (citing Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 168 (3d Cir. 2008) (applying Pennsylvania law)).

### B. Scope of Agreement

Cai next argues that her claims fall outside the scope of the DRP. She argues that because the Agreement did not explicitly cover the claims she now brings, the instant dispute is not covered by the DRP. (Doc. No. 20 at 15-16.) I disagree.

Even when third parties seek arbitration, there is a presumption or arbitrability unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Tech., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 650 (1986). "This presumption . . . is particularly applicable where the arbitration clause at issue is broad." Id.

Here, the DRP covers "*any* dispute *arising out of* or relating to" Cai's co-employment with TriNet and Thundersoft. (Agreement at 000047 (emphasis added).) Accordingly, the DRP plainly covers Cai's discrimination claims. See Tripp v. Renaissance Advantage Charter Sch., No. 02-9366, 2003 WL 22519433, at *6 (E.D. Pa. Oct. 8, 2003) ("In light of the Third Circuit's holding that the phrase 'arising out of' the very language used in plaintiff's arbitration clauseshould (sic) be given 'broad construction,' this court cannot say with the 'positive assurance' required of it by

5

the Third Circuit that plaintiff's claims do not fall within the scope of her agreement to arbitrate.") (citing Battaglia v. McKendry, 233 F.3d 720, 727 (3d Cir. 2000)).

V. **CONCLUSION**

Giving Cai "the benefit of all reasonable doubts and inferences," it is apparent that she is required to arbitrate her dispute with these Defendants. Griswold, 762 F.3d at 270. Accordingly, I will grant Defendants' Motion to Compel Arbitration.

\* \* \*

**AND NOW**, this 21st day of March, 2024, upon consideration of Plaintiff's Amended Complaint (Doc. No. 11), Defendants' Third Motion to Compel Arbitration (Doc. No. 19), Plaintiff's Response (Doc. No. 20), and all related submissions, it is hereby **ORDERED** that:

1. Defendants' Third Motion to Compel Arbitration (Doc. No. 19) is **GRANTED**;
2. Plaintiff is directed to arbitrate her dispute with Defendants in accordance with the TCA and DRP; and
3. This civil action is **STAYED** and the **CLERK OF COURT** shall place it in **SUSPENSE** pending determination of the arbitration proceedings. 9 U.S.C. § 3.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.